The Honorable Randy Minton State Representative 880 Minton Road Ward, Arkansas 72176-8618
Dear Representative Minton:
This is in response to your request for an opinion on three questions concerning whether the procedures employed by "designated representatives" in designing and sizing individual sewage disposal systems are considered a form of "soil classification" and violative of the Arkansas statutes regarding the practice of soil classifying. You note initially that Act 402 of 1977 (codified at A.C.A. § 14-236-101 to -118 (Repl. 1998), authorizes the title of "designated representative," and empowers such persons to make percolation tests, system designs, and inspections, subject to the Arkansas Department of Health's approval and in accordance with rules and regulations promulgated pursuant the act. You also note that "from 1970 to date," the Arkansas Department of Health regulations have required soil determination procedures to be conducted prior to sizing the system with a percolation test. You have set out the pertinent part of the regulations in this regard, which require a designated representative to obtain the following information: A) "[t]he type and depth of the various soil layers. This includes both pervious and impervious strata and their relationship with the proposed soil absorption system; B) The depth to the seasonal groundwater table. During wet periods this can be obtained by actual incasement and during dry periods the depth to indicative soil mottling is to be reported; and C) Depth to rock or strata that cannot be penetrated by conventional digging equipment."[1]
You have asked that I "please review the requirements of Act 402 of 1977 (14-236-101), the Department of Heath rules and regulations for sewage disposal systems and designated representatives, and provide [my] opinion on the following questions:"
 1. Are the required soil determination procedures considered a form of soil classification, thus in conflict with Act 460 of 1975?
 2. Does the last statement in Act 402 of 1977 (section 14-236-115) repeal the parts in conflict with Act 460 of 1975?
 3. Did legislative approval of 14-236-101, the rules and regulations for sewage systems, and the professions listed as designated representatives, exempt them as `other exempted professions' exempted in Act 460 of 1975?
RESPONSE
In my opinion, in response to your first question, the procedures required of designated representatives could fall within the definition of the "practice of soil classifying," but do not, in my opinion violate Act 460 of 1975. In response to your second question, it is my opinion that Act 402 of 1977 and Act 460 of 1975 can be read harmoniously. The latter act contains several exemptions, at least one of which operates to exempt the procedures employed by designated representatives from its ambit. In my opinion, therefore, the answer to your third question is "yes."
Question 1 — Are the required soil determination procedures considered aform of soil classification, thus in conflict with Act 460 of 1975?
Act 460 of 1975, which is now codified at A.C.A. § 17-47-101 to -312 (Repl. 1995 and Supp. 1997), governs the practice of soil classifying. That practice is defined as:
 [A]ny service or work, the adequate performance of which requires education in the physical, chemical, biological, and soil sciences; training and experience in the application of the special knowledge of these sciences to soil classification; the soil classification by accepted principles and methods; investigation, evaluation, and consultation on the effect of measured, observed, and inferred soil properties upon the various uses; the preparation of soil descriptions, maps, and reports and interpretive drawings, maps, and reports of soil properties; the effect of soil properties upon the various uses; and the effect of the various uses upon kinds of soil, any of which embraces service or work either public or private incidental to the practice of soil classifying. A person shall be construed to practice or offer to practice soil classifying within the meaning and intent of this chapter who by verbal claim, sign, advertisement, letterhead, card, or use of some other title represents himself to be a soil classifier;
 (ii) Does not mean or include the practice of soil classifying by person exempt under the provisions of § 17-47-103, the work ordinarily performed by persons who sample and test soil for fertility status or construction materials, and engineering surveys and soundings to determine soil properties influencing the design and construction of engineering and architectural projects.
 (B) Notwithstanding the foregoing provisions, a person shall not be construed to practice soil classifying unless he offers soil classifying services to, or performs soil classifying for, the public.
In my opinion the procedures required of designated representatives could, depending upon the facts, fall within the broad definition above of the practice of soil classifying. It is my opinion, nonetheless, that such actions do not violate Act 460 of 1975. The act lists two separate instances above that are not to be considered the practice of soil classifying. It also refers to the exemptions in A.C.A. § 17-47-103, which provides, in pertinent part, that:
This chapter shall not be construed to prevent or affect:
 (1) The practice or offer to practice of soil classifying by a person not a resident or having no established place of business in this state. . . .
 (2) The work of an employee or a subordinate of a person holding a certificate or registration under this chapter. . . .
 (3) The practice of any other legally recognized profession or trade; or
 (4) The practice of soil classifying by any person regularly employed to perform soil classifying services solely for his employer. . . . [Emphasis added.]
In my opinion the emphasized language above has the effect of exempting the soil testing activities performed by designated representatives in connection with sewage disposal systems from the requirements of Act 460 of 1975. This exemption refers to the practice of any "legally recognized profession or trade." Designated representatives are authorized by law. A.C.A. § 14-236-103(14). They must attend at least one annual training course provided by the Department of Health and pay a fifty-dollar fee annually to maintain certification. A.C.A. § 14-236-116(d). See also Rule 7.5 (requiring the passing of an examination in addition to payment of the fee and annual training). They are authorized by statute to "make percolation tests, system designs and inspections." A.C.A. §14-236-103(14). In addition, designated representatives "shall be registered professional engineers, registered land surveyors, licensed master plumbers, registered sanitarians, or other similarly qualified individuals holding current certificates from the State of Arkansas. . . ." A.C.A. 14-236-103(14). Their certification and training as designated representatives is thus governed by Arkansas statutes and rules, and they in most instances will possess an underlying State of Arkansas certificate in a field such as those mentioned above. In my opinion, therefore, it can be reasonably concluded that designated representatives are exempt from Act 460 of 1975 as practicing another "legally recognized profession or trade."
The practice of this profession or trade requires, of necessity, some examination and reporting of soil characteristics. Act 402 of 1977, in its "Findings and Policy," makes reference in four separate places to "suitable" or "acceptable" soils. See Act 402 of 1977, Section 2. Seealso A.C.A. § 14-236-102(a)(2) and (5), and (b)(3) and (4). The act authorizes designated representatives, among other things, to make "system designs." The applicable rules and regulations state that "the first procedure in the design of a subsurface sewage absorption system is to determine the suitability of the soil." Rule 2.7. This is currently accomplished by the tripartite determination outlined in your request and set out earlier in this opinion. See supra, page 1. In my opinion the power to "design" a subsurface soil absorption system necessarily entails some analysis of the soil. See also Op. Att'y Gen. 92-061 at 6 (concluding that Act 402 and the applicable regulations do not prevent designated representatives from conducting soil suitability tests). In my opinion, therefore, the current rules' requirement of soil suitability determinations falls within the legislatively authorized actions which may be taken by designated representatives in the practice of their trade. As such, those actions are exempted from the provisions of Act 460 of 1975. See again, A.C.A. § 17-47-103(3).
Question 2 — Does the last statement in Act 402 of 1977 (section14-236-115) repeal the parts in conflict with Act 460 of 1975?
I assume your reference to the "last statement in Act 402 of 1977" describes Section 16 of that act, which states that "[a]ll laws and parts of laws in conflict with this Act are hereby repealed." This Section is not codified in the Arkansas Code.
It is my opinion, as stated previously, that the provisions of Act 402 of 1977 and Act 460 of 1975 can be read harmoniously. Act 460 of 1975, in my opinion, exempts the activities performed under Act 402 of 1977 from its ambit.
Question 3 — Did legislative approval of 14-236-101, the rules andregulations for sewage systems, and the professions listed as designatedrepresentatives, exempt them as `other exempted professions' exempted inAct 460 of 1975?
It is my opinion, consistent with the discussion above, that the answer to this question is "yes."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] You also refer in your request to the regulatory definitions of "restrictive soil layer," and "seasonal groundwater table." The former is defined as "[a] soil layer that impedes the movement of water, air and growth of plant roots. Examples of such layers or conditions are groundwater tables, hardpans, claypans, fragipans, compacted soil, bedrock and clayey soil." Rules and Regulations Pertaining to Sewage Disposal Systems, Designated Representatives, and Installers (Rule 1.25). The latter is defined as the "subsurface level at which water bearing strata is determined by the presence of water or by visible mottling of the soil." (Rule 1.27). "Mottling" is defined as "irregular spots in the soil of different colors that vary in number and size. Mottling generally indicates poor aeration and impeded drainage. (Rule 1.19).